**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JIAN LI,<br><br>               Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>               Respondent. | No. 09-74118<br><br>Agency No. A094-924-784<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2013[**]
Pasadena, California

Before: WATFORD and HURWITZ, Circuit Judges, and SMITH, Chief District Judge.[***]

**1.** The Board of Immigration Appeals (BIA) did not err in dismissing

petitioner Jian Li's appeal from the Immigration Judge's (IJ) denial of Li's asylum

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable William E. Smith, Chief District Judge for the U.S. District Court for the District of Rhode Island, sitting by designation.

application.  The IJ and BIA both found that Li failed to meet his burden of proof for asylum by failing to provide corroborating evidence for his claim.

Li argues that corroborating evidence should not be required because it was not reasonably obtainable.  But substantial evidence supports the BIA's conclusion that corroborating evidence *was* reasonably obtainable.  The BIA found that Li spoke with his girlfriend by phone and that Li's parents lived in the city.  In light of those facts, we are not "compelled to conclude" that he could not have obtained evidence supporting his claim.  8 U.S.C. § 1252(b)(4); *see Shrestha v. Holder*, 590 F.3d 1034, 1047–48 (9th Cir. 2010).

Li also argues that he is eligible for asylum based on his religion.  He did not raise that claim before the BIA, so we do not have jurisdiction to consider it.  *See* 8 U.S.C. § 1252(d)(1).

**2.**  Li did not challenge the BIA's denial of withholding of removal and CAT protection in his opening brief.  He has waived review of those claims.  *See Tampubolon v. Holder*, 610 F.3d 1056, 1058 n.3 (9th Cir. 2010).

**PETITION FOR REVIEW DENIED.**